FILED
2026 Aug-26 AM 11:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ROBERT DIETZ,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FLOOR AND DECOR OUTLETS OF AMERICA INC.,**<br><br>**Defendant.** | }<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>} | **Case No. 2:26-cv-756-ACA** |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Robert Dietz signed an arbitration agreement when starting his employment with Defendant Floor and Decor Outlets of America, Inc. Floor and Decor now moves to compel arbitration and seeks attorney's fees incurred from filing the motion. (Doc. 5). The court **GRANTS** Floor and Decor's motion and **COMPELS** arbitration. The court **STAYS** the case, except with respect to the court's resolution of Floor and Decor's request for attorney's fees.

The court **WILL GRANT** Floor and Decor's motion for attorney's fees, but it must provide evidence, **on or before September 2, 2026**, of its fees and the reasonableness of those fees. Mr. Dietz may file any objection to the reasonableness of the fees **on or before September 9, 2026**.

Upon resolution of Floor and Decor's fee request, the court **WILL ADMINISTRATIVELY CLOSE** this action while the parties arbitrate.

## I. BACKGROUND

When deciding a party's motion to compel arbitration, the court uses a "summary judgment-like standard" to determine whether there is a "genuine dispute as to any material fact concerning the formation of . . . an [arbitration] agreement." *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1346 (11th Cir. 2017) (quotation marks omitted). Accordingly, the court may consider evidence outside the pleadings. *See id.*; *see also Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1333 (11th Cir. 2016).

Around the time Mr. Dietz started his employment with Floor and Decor, he signed an arbitration agreement through an online portal. (Doc. 5-1 at 4, 13). The agreement requires arbitration for "all employment-related disputes." (*Id.* at 10). If a party files a lawsuit "[w]ith respect to any claim" covered by the agreement and refuses to proceed in arbitration after the opposing party provides notice of the arbitration agreement, then the opposing party is entitled to recover attorney's fees incurred as the result of a successful motion to compel arbitration. (*See id.* at 11).

In May 2026, Mr. Dietz filed this action, alleging Floor and Decor discriminated against him during his employment. (*See generally* doc. 1). After Mr. Dietz filed this action, Floor and Decor informed him that he signed an

arbitration agreement and provided it to him for review. (Doc. 5-2 at 2–3). Nevertheless, Mr. Dietz then served Floor and Decor and continued this action. (*Id.* at 3).

## II. DISCUSSION

Floor and Decor moves to compel arbitration and seeks attorney's fees under the contract. (Doc. 5). Under the Federal Arbitration Act, a written agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Thus, the court must compel arbitration if "(a) the plaintiff entered into a written arbitration agreement that is enforceable under ordinary state-law contract principles and (b) the claims before the court fall within the scope of that agreement." *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008) (quotation marks omitted).

Here, Floor and Decor has shown there is no dispute of fact as to either element. Under Alabama law, the elements of an enforceable contract are "an offer and an acceptance, consideration, and mutual assent to terms essential to the formation of a contract." *Shaffer v. Regions Fin. Corp.*, 29 So. 3d 872, 880 (Ala. 2009). Floor and Decor produced evidence of each element. (Doc. 5-1 at 4–5, 9–13). And the agreement covers "all employment-related disputes." (*Id.* at 10). This encompasses Mr. Dietz's discrimination claims. (*See* doc. 1 ¶¶ 72–153).

Mr. Dietz concedes that his claims are subject to arbitration, but he contends the court should not award attorney's fees. (Doc. 7). Mr. Dietz offers three arguments in support of his position, but none are persuasive.

Mr. Dietz first argues that Federal Rule of Civil Procedure 11 is the only source that allows a court to award attorney's fees for failing to arbitrate a claim that is subject to an arbitration agreement. (*Id.* at 2–3). The court disagrees. The arbitration agreement—which Mr. Dietz concedes is valid and binding—provides for attorney's fees if a party files a lawsuit that requires the other side to file a motion to compel (after providing notice). (*Id.* at 1–2; *see* doc. 5-1 at 11). A court may award attorney's fees under contractual provisions. *See Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126 (2015) (explaining that under the American rule each party pays its own attorney's fees unless a contract provides otherwise).

Mr. Dietz also maintains that the language of the contract with respect to attorney's fees is ambiguous because he did not "refuse" to arbitrate. (Doc. 7 at 3–5). But the agreement allows the court to award attorney's fees associated with a motion to compel if after notice, the party that initiated the lawsuit continues the suit, requiring the opposing side to file a motion to compel. (Doc. 5-1 at 11). Here, Floor and Decor presented undisputed evidence that three days after Mr. Dietz filed this action, its counsel provided the arbitration agreement to Mr. Dietz for review and requested that the parties arbitrate, warning that it would file a motion to compel

arbitration. (Doc. 5-2 at 2 ¶¶ 3–4; *id.* at 12) Mr. Dietz's counsel requested time to review the agreement. (*Id.* at 12). A month later, Floor and Decor followed up but received no reply. (*Id.* at 2–3 ¶¶ 5–6). Instead, two days later, Mr. Dietz served Floor and Decor. (*Id.* at 3 ¶ 7). Floor and Decor had to file its motion within twenty-one days of service. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Thus, Mr. Dietz refused to arbitrate when he proceeded with his lawsuit even after Floor and Decor provided the binding arbitration agreement. *See Refuse*, Webster's Third New International Dictionary (2002) (defining "refuse" as "to decline to accept" or "to show or express a positive unwillingness to do or comply with").

Finally, Mr. Dietz argues that he was not placed on notice before he filed the complaint. (*See* doc. 7 at 5). But the contract's plain text does not impose this requirement and unambiguously outlines that a party must receive "notice" before the opposing side files a motion to compel arbitration. (Doc. 5-1 at 11). So this argument is unpersuasive.

Accordingly, the court **WILL GRANT** the motion for attorney's fees. Floor and Decor requests all attorney's fees associated with the motion to compel. (Doc. 5 at 11). But Alabama law imposes a reasonableness requirement. *See Twickenham Station, Inc. v. Beddingfield*, 404 So. 2d 43, 46–47 (Ala. 1981); *Willow Lake Residential Ass'n, Inc. v. Juliano*, 80 So. 3d 226, 241–42 (Ala. Civ. App. 2010). Accordingly, the court **ORDERS** Floor and Decor to submit evidence of (1) its

attorney's fees incurred with respect to the motion to compel and (2) the reasonableness of those fees. Floor and Decor must submit its evidence **on or before September 2, 2026**. Mr. Dietz may file any objection to the reasonableness of the fees **on or before September 9, 2026**.

## III. CONCLUSION

The court **GRANTS** Floor and Decor's motion and **COMPELS** arbitration. (Doc. 5). The court **STAYS** the case, except with respect to the court's resolution of Floor and Decor's request for attorney's fees.

The court **WILL GRANT** Floor and Decor's motion for attorney's fees, but it must provide evidence, **on or before September 2, 2026**, of its fees and the reasonableness of the fees. Mr. Dietz may file any objection to the reasonableness of the fees **on or before September 9, 2026**.

Upon resolution of Floor and Decor's fee request, the court **WILL ADMINISTRATIVELY CLOSE** this action while the parties arbitrate.

**DONE** and **ORDERED** this August 26, 2026.

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE